Larry I. Glick, P.C.
Larry I. Glick, Esq. (LG-8665)
c/o Shutts & Bowen LLP
1500 Miami Center
201 S. Biscayne Blvd.
Miami, FL 33131
(516) 739-1111

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

                                        CHAPTER 11 CASE
                                         NO. 08-71853 (AST)

AMAP SALES & COLLISION, INC.,
d/b/a AMAP COLLISION,

                    Debtor.
-------------------------------------------------------------x

**OBJECTION BY DEBTOR TO CLAIMS FILED BY NEW YORK
STATE DEPARTMENT OF TAXATION AND FINANCE SEEKING TO
(A) EXPUNGE CLAIM NO. 1 AS DUPLICATIVE AND (B) REDUCE AND/OR
RECHARACTERIZE CLAIM NO. 9**

TO:   THE HONORABLE ALAN S. TRUST, BANKRUPTCY JUDGE

       AMAP Sales & Collision, Inc. (the "Debtor"), by its attorney, Larry I. Glick, P.C.,

respectfully represents and states as follows:

       1.     The Debtor filed with this Court a voluntary petition under chapter 11 of

the Bankruptcy Code on April 15, 2008.  The Debtor has continued in the possession of

its assets and the operation of its business as a debtor-in-possession.  No Creditors'

Committee has been appointed in the case.

       2.     On or about April 21, 2008, the New York State Department of Taxation

and Finance ("NYS Tax") filed a proof of claim against the Debtor in the aggregate

amount of $975,311.31, which was docketed as Claim No. 1 ("NYS Tax Claim 1").  A

copy of NYS Tax Claim 1 is attached hereto as Exhibit A.

3.      On or about July 15, 2008, NYS Tax filed a proof of claim against the

Debtor in the aggregate amount of $1,256,373.33, which was docketed as Claim No. 9

("NYS Tax Claim 9").  A copy of NYS Tax Claim 9 is attached hereto as Exhibit B.  By

its terms, NYS Tax Claim 9 "amends and supercedes [sic] the previous claim dated

April 21, 2008."

## OBJECTION TO NYS TAX CLAIM 1

4.      The Debtor objects to NYS Tax Claim No. 1 on the grounds that it is

duplicative of, and has been superseded by, NYS Tax Claim 9.  Accordingly, the Debtor

requests that NYS Tax Claim 1 be expunged in its entirety.

## OBJECTION TO NYS TAX CLAIM 9

5.      The Debtor objects to NYS Tax Claim No. 9 and seeks to have such claim

reduced and/or recharacterized for the following reasons:

a.      The claim is based, in part, upon non-final audits that are being

contested by the Debtor;

b.      To the extent the claim is based upon actual returns, the Debtor

reserves all of its rights to file one or more amended returns; and

c.      The Debtor reserves its right to have this Court determine the

amount of any tax, interest or penalty owed to NYS Tax under section 505 of the

Bankruptcy Code.

## DEBTOR'S DISCUSSIONS WITH NYS TAX

6.      Prior to filing its chapter 11 petition, the Debtor had negotiated a

substantial reduction of the amounts alleged to be owed to NYS Tax.  On information

and belief, that reduction was not implemented because NYS Tax commenced a further

audit relating to the sales tax liability of the Debtor.  The Debtor has been cooperating with NYS Tax as part of that ongoing audit and has provided NYS Tax with numerous records and documents relating thereto.  On information and belief, NYS Tax is in the midst of reviewing those documents and has not concluded its audit.

7.        As part of the plan process, the Debtor intends to negotiate with NYS Tax with respect to the amount, priority and payment of its claim.  However, the Debtor has been advised that such negotiation must await the completion of the audit.

8.        This objection has been filed, in part, to preserve the Debtor's rights against NYS Tax with respect to NYS Tax Claim 9.  Except as may otherwise be directed by the Court, the Debtor does **not** intend to pursue this objection or request a hearing thereon, until after the audit has been concluded and the Debtor and NYS Tax have had an opportunity to negotiate the terms of a consensual plan.

9.        If the audit is not concluded within a reasonable time, or if negotiations on a consensual plan are not successful, the Debtor reserves the right to schedule a hearing on the Objection, upon thirty days written notice to NYS Tax.  Notice of this Objection is being provided to NYS Tax and the United States Trustee in accordance with Federal Rule of Bankruptcy Procedure 3007.

WHEREFORE, the Debtor respectfully requests that the Court enter an order (a) expunging NYS Tax Claim 1, (b) reducing and/or recharacterizing NYS Tax Claim No.

9, and (c) granting such other and further relief as may be necessary or appropriate.


Dated:  Miami, Florida
          January 22, 2009

                                                    LARRY I. GLICK, P.C

                                                    By:__s/Larry I. Glick_____
                                                          Larry I. Glick (LG-8665)
                                                    c/o Shutts & Bowen LLP
                                                    1500 Miami Center
                                                    201 S. Biscayne Blvd.
                                                    Miami, FL 33131
                                                    (516) 739-1111