Larry I. Glick, P.C.
Larry I. Glick, Esq. (LG-8665)
c/o Shutts & Bowen LLP
1500 Miami Center
201 S. Biscayne Blvd.
Miami, FL 33131
(516) 739-1111

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:

                                                                              CHAPTER 11 CASE
                                                                              NO. 08-71853 (AST)

AMAP SALES & COLLISION, INC.,
d/b/a AMAP COLLISION,

                     Debtor.
-----------------------------------------------------------------x

## MOTION BY DEBTOR TO EXTEND TIME TO CONFIRM PLAN OF REORGANIZATION PURSUANT TO SECTIONS 1129(e) AND 1121(e)(3) OF THE BANKRUPTCY CODE

TO:    THE HONORABLE ALAN S. TRUST, BANKRUPTCY JUDGE

       AMAP Sales & Collision, Inc. (the "Debtor"), by its attorney, Larry I. Glick, P.C., respectfully requests that the Court extend its time to obtain confirmation of its plan of reorganization (the "Motion"), and represents and states as follows:

### BACKGROUND AND APPLICABLE LAW

       1.    On April 15, 2008 (the "Filing Date"), the Debtor, as a "small business debtor" within the meaning of section 101(51D) of the Bankruptcy Code (the "Code"), filed with this Court a voluntary petition under chapter 11 of the Bankruptcy Code. As a small business debtor, the Debtor is subject to the provisions of the Code that are applicable in a "small business case." See section 101(51C) of the Code.

2. The Debtor has continued in the possession of its assets and the operation of its business as a debtor-in-possession. No Creditors' Committee has been appointed in the case.

3. Section 1121(e)(2) of the Code requires that the Debtor file its "plan and a disclosure statement (if any) ... not later than 300 days after the date of the filing of the order for relief." On February 9, 2009, the last day of the 300 day period, the Debtor filed its proposed plan of reorganization (Doc. 38) (the "Plan"), and an accompanying disclosure statement (Doc. 39) (the "Disclosure Statement").

4. Under section 1129(e) of the Code, the Plan must be confirmed within 45 days after it is filed "unless the time for confirmation is extended in accordance with section 1121(e)(3)." Section 1121(e)(3) provides that the 45 day period may be extended only if –

> (A) the debtor, after providing notice to parties in interest (including the United States trustee), demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable time;
> (B) a new deadline is imposed at the time the extension is granted; and
> (C) the order extending time is signed before the existing deadline has expired.

The 45 day period to obtain confirmation of the Plan presently expires on March 26, 2009.

5. By this Motion, and for the reasons set forth below, the Debtor respectfully requests that the Court enter an Order extending the Debtor's time to confirm the Plan (as it may be amended) to December 31, 2009, and that such Order be signed on or before March 26, 2009.

## GROUNDS FOR RELIEF

6. As this Court knows, the Debtor sought relief under chapter 11 because the New York State Department of Taxation and Finance ("NYS Tax") had begun to levy upon the Debtor's assets to collect certain unpaid sales tax obligations, together with interest and penalties thereon. The chapter 11 filing successfully stayed those collection efforts and enabled the Debtor to preserve its value as a going concern.

7. Ironically, shortly prior to filing its chapter 11 petition, the Debtor had successfully negotiated a compromise with NYS Tax (the "Pre-petition Settlement") pursuant to which (a) the Debtor's unpaid sales tax liability would be fixed at the approximate amount of $205,000 and (b) such amount would be paid with funds obtained through Nicholas Cosmo, the Debtor's sole stockholder, director and officer. Unfortunately, before the Pre-petition Settlement could be consummated, NYS Tax elected to conduct a further audit of the Debtor's books and records (the "Audit"). On information and belief, it is the strict policy of NYS Tax not to enter into any settlement with a debtor while there is an ongoing audit of the debtor's records.

8. To date, the Debtor and the Debtor's customers have provided NYS Tax with thousands of pages of documents in connection with the Audit. On information and belief, NYS Tax has not concluded the Audit, nor has it provided the Debtor with an estimate as to when the Audit will be concluded.

9. NYS Tax has filed an amended claim against the Debtor in the aggregate amount of $1,256,373.33, which was docketed as Claim No. 9 (the

"NYS Tax Claim"). On January 22, 2009, the Debtor filed an objection to the NYS Tax Claim (Doc. 37) (the "Claim Objection").

10. The Debtor's Plan is predicated upon it compromising the NYS Tax Claim at an amount, and on terms, consistent with the Pre-petition Settlement.[1] However, because of the ongoing Audit, the Debtor has been unable to have any type of negotiation with NYS Tax regarding the Plan.

11. The Debtor reasonably expects that, once the Audit is completed, it will be able to negotiate a settlement with NYS Tax that is comparable to the Pre-petition Settlement. This expectation is premised upon, among other things, (a) the Debtor's ability to negotiate the Pre-petition Settlement, (b) the Debtor's belief that the Audit will not result in a material increase in the Debtor's sales tax liability, (c) the Debtor's timely payment of sales tax subsequent to the Filing Date, (d) the Debtor's payment of monthly "adequate protection" to NYS Tax in conjunction with its ongoing use of cash collateral and (e) the simple fact that NYS Tax will realize substantially more in respect of its claim under the Plan than it would through a forced liquidation of the Debtor.

12. To satisfy its burden of proof under section 1121(e)(3), the Debtor intends to introduce evidence demonstrating that it is more likely than not to confirm a plan within a reasonable time. In considering what a "reasonable time" is in this case, the Debtor asks the Court to recognize that the Debtor cannot

---

[1] Of course the Debtor reserves the right to reduce the NYS Tax Claim through prosecution of the Objection. However, to allow an opportunity for the Audit to conclude and the Debtor and NYS Tax to negotiate concerning the Plan, the Debtor has not yet scheduled a hearing on the Objection.

compel NYS Tax to conclude the Audit,[2] the Debtor has been operating profitably while in chapter 11, and the Debtor does not expect that any creditor (including NYS Tax) will object to the relief requested in the Motion. It is for these reasons that the Debtor has requested an extension to December 31, 2009 of its time to confirm the Plan.[3]

## NOTICE

13.    In compliance with section 1121(e)(3) of the Code, the Debtor is providing (a) a copy of this Motion, together with the Notice of Hearing thereon (the "Notice"), to the United States Trustee, NYS Tax and all parties that have filed an appearance in the case and (b) a copy of the Notice only to all creditors. The Notice recites that a copy of the Motion may be obtained by contacting the undersigned counsel in writing.

WHEREFORE, the Debtor respectfully requests that the Court (a) enter an order extending the Debtor's time to confirm the Plan (as same may be amended) to December 31, 2009 (the "Order"), (b) sign the Order on or prior to March 26, 2009, and (c) grant such other and further relief as may be necessary

---

[2] However, the Debtor and Mr. Cosmo have cooperated fully with the Audit, attempted to negotiate a settlement with NYS Tax even while the Audit was pending, and urged NYS Tax to conclude the Audit as quickly as possible.

[3] The Debtor hopes to confirm the Plan well before December 31, 2009 but, at the same time, reserves the right to seek a further extension of its time.

or appropriate.

Dated:  Miami, Florida
       February 20, 2009

                                  LARRY I. GLICK, P.C

                                  By:  s/Larry I. Glick
                                       Larry I. Glick (LG-8665)
                                c/o Shutts & Bowen LLP
                                1500 Miami Center
                                201 S. Biscayne Blvd.
                                Miami, FL 33131
                                (516) 739-1111

## CERTIFICATE OF SERVICE

I hereby certify that, on February 20, 2009, I caused a copy of the Notice of Motion by Debtor to Extend Time to Confirm Plan of Reorganization Pursuant to Sections 1129(e) and 1121(e)(3), to be served upon all known creditors, the United States Trustee and any party filing a notice of appearance in the case, by first class mail, postage prepaid, addressed to their respective addresses set forth on the attached service list.

I further certify that, on February 20, 2009, I caused a copy of the Motion for the foregoing relief to be served by first class mail, postage prepaid, to the New York State Department of Taxation and Finance and the United States Trustee at their respective addresses as follows:

Neal S. Mann, Esq.
Asst Attorney General
120 Broadway – 24th Fl.
New York, NY 10271

NYS Dept. of Taxation and Finance
Bankruptcy Section
PO Box 5300
Albany, NY 12205-0300

Stan Yang, Esq.
Office of the U.S. Trustee
560 Federal Plaza
Central Islip, NY 11722

Dated: February 20, 2009

                                               s/Larry I. Glick
                                          Larry I. Glick (LG-8665)
                                          c/o Shutts & Bowen LLP
                                          1500 Miami Center
                                          201 S. Biscayne Blvd.
                                          Miami, FL 33131
                                          (516) 739-1111

Alarms Inc
3280 Sunrise Highway
Wantagh, NY 11793

Astra Lease
200 Motor Pkwy - D21
Hauppauge, NY 11788-5116

Atlantic Automall
193 Sunrise Highway
West Islip, NY 11795

Atlantic Toyota
145 Albany Ave
Amityville, NY 11701

Bowman Distribution
Dept CH 14079
Palatine, IL 60055

Cablevision
PO Box 9202
Uniondale, NY 11555

Caro Printing Company
158 Florida St
Farmingdale, NY 11735

Cassone Leasing Inc.
1950 Lakeland Ave
Bohemia, NY 1177

CCC Information Servcs
222 Merchandise Mart
Chicago, IL 60654

Crash & Rust
1966 Broad Hollow Road
Farmingdale, NY 11735

CSS Ltd of Nassau
45 Broad Hollow Rd
Farmingdale, NY 11735

D&D Electric Motors
51 Allen Blvd
Farmingdale, NY 11735

Dame Fortune Holding
30-40 Baiting Place Rd
Farmingdale, NY 11735

DDJ&A Realty Corp.
4190 Hempstead Turnpike
Bethpage, NY 11714

DiFalco Plumbing & Heat
363 South 11th St
Lindenhurst, NY 11757

E Farmingdale Water Dist
72 Gazza Blvd
Farmingdale, NY 11735

Farmingdale Auto Parts
848 South Main St
Farmingdale, NY 11735

Fastenal
PO Box 978
Winona, MN 55987

Gary V's Auto Repair
209-06 Union Turnpike
Oakland Gardens, NY 11364

Glass America
164 E Montauk Highway
Lindenhurst, NY 11757

GM Parts Center
PO Box 2201
Decatur, AL 35609

Hassett Lincoln Mercury
3530 Sunrise Highway
Wantagh, NY 11793

J&M Towing & Recovery
19 Seabro Ave
Amityville, NY 11701

Jiffy Lube
35 Broadhollow Rd
Farmingdale, NY 11735

Karen Tenenbaum Esq
225 Old Country Rd
Melville, NY 11747

Keyspan Energy
PO Box 9083
Melville, NY 11747

LDI Color Tool Box
50 Jericho Quadrangle
Suite 115
Jericho, NY 11753

LIPA
c/o Elisa Pugliese, Esq.
175 E. Old Country Rd
Hicksville, NY 11801

Mary Cosmo
30-40 Baiting Place Rd
Farmingdale, NY 11735

Master Mechanical Corp
75 Verdi Street
Farmingdale, NY 11735

| | | |
|---|---|---|
| | National Waste Service<br>1863 Harrison Avenue<br>Bay Shore, NY 11706 | Nicholas Cosmo<br>30-40 Baiting Place Rd<br>Farmingdale, NY 11735 |
| NY Int'l Parts<br>219 Park Avenue<br>Hicksville, NY 11801 | NYS Dept of Tax and<br>Finance - Bankruptcy Sec.<br>PO Box 5300<br>Albany, NY 12205 | Olivier & Assoc<br>380 No. Broadway<br>Jericho, NY 11753 |
| One Communications<br>313 Boston Post Road West<br>Marlborough, MA. 01752<br>Attn: Janice Ronan | Powerhouse Industries<br>PO Box 8<br>Eastport, NY 11941 | Security Dodge<br>16 Sprague Avenue<br>Amityville, NY 11701 |
| Snap-On Tools<br>3 LaSalle Lane<br>Kings Park, NY 11754 | Telephone Dynamics<br>2260 Hewlett Ave<br>Merrick, NY 11566 | Town of Babylon<br>281 Phelps Lane Rm 19<br>North Babylon, NY 11703 |
| Verizon Info Systems<br>Idearc Media Corp<br>PO Box 619009<br>Dallas, TX 75261 | Neal S. Mann, Esq.<br>Asst Attorney General<br>120 Broadway - 24th Fl.<br>New York, NY 10271 | Stan Yang, Esq.<br>Office of the U.S.<br>Trustee<br>560 Federal Plaza<br>Central Islip, NY 11722 |