| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | FOR PUBLICATION |
| EASTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------------x

In re:

AMAP SALES & COLLISION, INC.,                    Chapter 11 Case
d/b/a AMAP COLLISION,                                  No. 08-71853 (AST)

                                    Debtor.

-----------------------------------------------------------------x

### MEMORANDUM OPINION AND ORDER EXTENDING DEBTOR'S TIME TO CONFIRM A PLAN OF REORGANIZATION

APPEARANCES:

Larry I. Glick, Esq.
1500 Miami Center
201 S. Biscayne Boulevard
Miami, FL 33131
Tel: (305) 379-9180

United States Trustee
Diana G. Adams
Stan Yang
Office of the United States Trustee
The Alfonse M. Damato U.S. Courthouse
560 Federal Plaza - Room 560
Central Islip, NY 11722-4437

### Issues Before the Court and Summary of Ruling

Debtor, AMAP Sales & Collision, Inc. ("AMAP" or "Debtor"), has filed a

Motion (the "Motion") seeking an Order extending its time to obtain confirmation

of its plan of reorganization (the "Plan"). The Motion is brought pursuant to

Sections 1121(e)(3) and 1129(e) of the Bankruptcy Code. Debtor seeks an

extension of time to confirm a plan of reorganization until December 31, 2009,

without prejudice to seeking further extensions of time.  For the reasons herein,

the Motion is granted.

## Jurisdiction

This Court has jurisdiction over this core proceeding pursuant to 28 U.S.C.

§§ 157(b)(2)(A)and (L), and 1334(b), and the Standing Order of Reference in

effect in the Eastern District of New York.

## Findings of Fact and Conclusions of Law

The Court makes the following findings of fact and conclusions of law, in

accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## Procedural History

Debtor filed a petition for relief under Chapter 11 with this Court on April

15, 2008 (the "Petition Date").  Debtor made a timely election to be treated as a

"small business debtor" within the meaning of Section 101(51D) of the

Bankruptcy Code.  The election was made as a part of debtor's voluntary

petition. [dkt item 1]

Debtor timely filed its small business Plan and small business Disclosure

Statement on February 9, 2009. [dkt items 38, 39]

Debtor filed the Motion on February 20, 2009. [dkt item 41]  Notice of the

Motion was properly given to all scheduled creditors, all creditors filing proofs of

claim, all parties filing a notice of appearance in this case, and the United States

Trustee (the "US Trustee").

Debtor filed an Affidavit of Michelle E. Espey in support of the Motion on

March 8, 2009 (the "Espey Affidavit"). [dkt item 43]

A hearing was held on the Motion on March 6, 2009. The hearing was

attended by Debtor, through its principal, Nicolas Cosmo ("Cosmo"), and its

counsel, as well as by the US Trustee.  No objection was filed to the Motion.

Also, no opposition was expressed against the Motion at the hearing.  Cosmo

testified in support of the Motion.

The Debtor's primary creditor is the New York State Department of

Taxation and Finance ("NYS Tax").  Debtor's Plan proposes, *inter alia*, to pay

NYS Tax over five (5) years.  Debtor's obligation to NYS Tax is unliquidated and

is the subject of an audit being conducted by NYS Tax.  Debtor testified that it

will, if necessary, supplement its operating revenues with non-debtor sources of

cash.

To better assess the Plan's feasibility, the Court directed that Debtor

supplement its evidence in support of its Motion with projections setting out the

Debtor's anticipated profits and losses, and sources and uses of cash to make

the projected payments to creditors, including NYS Tax.  Debtor timely filed these

projections on March 19, 2009 (the "Projections"). [dkt item 47]

## **Legal Analysis**

Debtor is a "small business debtor" within the meaning of Section

101(51D) of the Bankruptcy Code. In the 2005 amendments to the Bankruptcy

Code,[1] Congress added certain specific, time-sensitive provisions for small

---

[1] Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. No. 109-8, 119 Stat. 23 (2005).

business debtors seeking to confirm a plan or reorganization.[2]  In Section

1121(e)(1), the Code addresses the small business debtor's time to file a plan

and disclosure statement, by first providing that only the debtor may file a plan for

the first one hundred and eighty (180) days after the date of the order for relief,

but that the debtor must file a plan within three hundred (300) days.  Under

Section 1121(e)(2), the 180-day exclusivity period may be extended for cause,

but only to a date which is no more than 300 days after the date of the order for

relief.

Regardless of the date on which the plan is filed, the Court must confirm

an appropriate plan within forty-five (45) days after filing, pursuant to Section

1129(e), which provides as follows:

> [i]n a small business case, the court shall confirm a plan that complies with
> the applicable provisions of this title and that is filed in accordance with
> section 1121(e)(3) not later than 45 days after the plan is filed unless the
> time for confirmation is extended in accordance with section 1121(e)(3).

28 U.S.C. §1129(e).

Moreover, Section 1121(e)(3) provides as follows:

> (3) the time periods specified in paragraphs (1) and (2), and the time fixed
> in section 1129( e) within which the plan shall be confirmed, may be
> extended only if-
>
>  (A) the debtor, after providing notice to parties (including the United

---

[2]  The Bankruptcy Code and Rules also contain specific provisions governing approval of a
disclosure statement in a small business case.  Under Section 1125(f), the Court may dispense with a
separate hearing on a disclosure statement by, *inter alia*, "finding that the plan itself provides adequate
information and that a separate disclosure statement is not necessary"  (§ 1125(f)(1)), or by conditionally
approving a disclosure statement "on application of a plan proponent," subject to final approval in
conjunction with the hearing on confirmation of the plan. § 1125(f)(3); Bankruptcy Rule 3017.1.  Adequacy
of a small business disclosure statement is addressed in *In re J.D. Mfg., Inc.*, No. 07-36751, 2008 WL
4533690 (Bankr. S.D. Tex. Octo. 2, 2008).

States trustee), demonstrates by a preponderance of evidence that it is more likely than not that the court will confirm a plan within in a reasonable amount of time;

(B) a new deadline is imposed at the time the extension is granted; and

(C)  the order extending the time is signed before the existing deadline has expired.

28 U.S.C. §1121(e)(3).

Limited case law has developed interpreting Section 1121(e)(3), and, specifically, the evidence required for the Court to find by "a preponderance of evidence that it is more likely than not that the court will confirm a plan within in a reasonable amount of time."  In certain circumstances, the Court has denied the request, such as in *In re Safeguard-RX, Inc.*, Slipcopy, No. 08-31552-H3-11, 2009 WL 249767 (Bankr. S.D. Tex. Feb. 2, 2009):

> The plan as proposed does not address resolution of the disputes between Debtor and its landlord. The disclosure statement filed in the instant case lacks any indication of any sort of financial planning on the part of Debtor for its existence as a reorganized Debtor post-confirmation, other than a hope that Debtor will be able to resolve its difference with its landlord and/or move to a new location. In a small business case, the Debtor and Debtor's counsel must move expeditiously to ensure that the deadlines under the Bankruptcy Code are met. The court concludes that the instant motion should be denied.

*In re Safeguard-RX, Inc.*, 2009 WL 249767 at *2.

In a case involving a hearing on confirmation combined with an extension request, after a lengthy trial and in an exhaustive analysis, Judge Gargotta of the Austin, Texas, bankruptcy court denied the extension request:

> However, as explained in detail below, after considering all of the evidence presented during the entire five-day hearing, the Court finds that the Debtor failed to provide sufficient evidence that confirmation of the First

Amended Plan is more likely than not, given the Court's ruling that confirmation of that Plan is denied. Accordingly, to that extent the Motion to Extend Time will be denied.

*In re Save Our Springs (S.O.S.) Alliance, Inc.*, 388 B. R. 202, 229 (Bankr. W.D. Tex. 2008).

Furthermore, where the debtor fails to appear for the hearing on the extension request or fails to submit any evidence in support of the motion, the court should deny the request:

[T]he debtor failed to appear and also failed to file any documents in support of such an extension. As a consequence and as required by 11 U.S.C. § 1121(e)(3), no evidence meeting the preponderance standard having been submitted, the court entered an Order denying extension of confirmation deadline [-].

*In re Luther*, No. 066-16303DK, 2007 WL 1063008 *2 (Bankr. D. Md. Mar. 22, 2007).

In this Court's view, the plain language of Section 1121(e)(3) requires the Court find by a preponderance of evidence that it is more likely than not that the court will confirm *a* plan within a reasonable amount of time, not necessarily *the* plan which is before the Court at the time of hearing on the extension motion. Certainly, small business debtors should have the flexibility to modify their plans pursuant to Section 1127, as circumstances of the dynamic chapter 11 process allow or dictate.  Further, while this Court agrees that a small business debtor and counsel must move expeditiously, circumstances outside the control of the debtor and counsel can, as is occurring in this case, make adherence to the unextended deadlines extremely difficult or even impossible.

Finally, as with a motion to approve a compromise of controversies, where

the debtor or trustee is not required to put on a "mini trial" demonstrating the

strengths and weaknesses of the claims being compromised, the debtor is not

required to put on a confirmation trial in order to obtain an extension of time to

obtain confirmation.  It is well settled that "bankruptcy courts in this circuit may

only approve a proposed settlement after an independent determination that it

does not 'fall below the lowest point in the range of reasonableness.' "

*Resolution Trust Corp. v. Best Prods. Co.* (*In re Best Prods. Co.*), 177 B.R. 791

(S.D.N.Y.1995), *aff'd*, 68 F.3d 26 (2d Cir.1995); *In re Stanwich Fin. Servs. Corp.*,

377 B.R. 432, 436 (Bankr. D. Conn. 2007); *In re Raytech Corp.*, 261 B.R. 350,

360 (Bankr. D. Conn. 2001). In order to make such a determination, the court

must evaluate "the fairness of the terms of the compromise" and "form an

educated estimate of the complexity, expense, and likely duration of [any

unsettled] litigation, the possible difficulties of collecting any judgment which

might be obtained, and all other factors relevant to a fair and full assessment of

the wisdom of the proposed compromise." *Protective Comm. for Indep.*

*Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-25

(1968). "In applying that standard the bankruptcy court does not need to conduct

a 'mini trial' of the merits of the claims underlying the controversy being settled."

*Raytech*, 261 B.R. at 360 (*citing In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir.

1983)).

       To require the Court to conduct a trial on confirmation in order for a debtor

to obtain an extension of time under Section 1121(e)(3) would seem to be at

cross purposes with the small business sections, which provide methods to

streamline the efficiency and reduce the costs of the Chapter 11 process for

small businesses, while at the same time increasing judicial oversight of the

process. Prior to enacting BAPCPA, Congress stated:  "With respect to business

bankruptcy, S. 256 includes several significant provisions intended to heighten

administrative scrutiny and judicial oversight of small business bankruptcy cases,

which often are the least likely to reorganize successfully."  *Bankruptcy Abuse*

*Prevention and Consumer Protection Act of 2005, Report of the Committee on*

*the Judiciary, House of Representatives, House Report No. 109-31, Pt. 1, 109th*

*Cong, 1st Session* 92 (2005) (the "Report").

In that Report, Congress further stated as follows:

> Most chapter 11 cases are filed by small business debtors. Although the Bankruptcy Code envisions that creditors should play a major role in the oversight of chapter 11 cases, this often does not occur with respect to small business debtors. The main reason is that creditors in these smaller cases do not have claims large enough to warrant the time and money to participate actively in these cases. The resulting lack of creditor oversight creates a greater need for the United States trustee to monitor these cases closely. Nevertheless, the monitoring of these debtors by United States trustees varies throughout the nation. S. 256 addresses the special problems presented by small business cases by instituting a variety of time frames and enforcement mechanisms designed to weed out small business debtors who are not likely to reorganize. It also requires these cases to be more actively monitored by United States trustees and the bankruptcy courts.

Report, p. 19.

In this case, the US Trustee served the role Congress intended by

participating in the hearing on the Motion and expressing its lack of opposition to

the extension.  The Court has fulfilled its function by closely reviewing the

evidence submitted by Debtor.

Thus, although a debtor seeking the Section 1121(e)(3) extension of time must put on evidence from which the Court can determine whether the Court will confirm a plan within in a reasonable amount of time, the Court need not conduct a trial on confirmation.

In this case, Debtor is in the business of auto and truck collision repair and painting, and is one of the few auto body shops on Long Island that is equipped to handle fleet accounts. Cosmo has been the president of the Debtor for approximately thirty (30) years.  Debtor has twelve full-time employees and approximately five independent contractors.

During its most recent year of operations, Debtor generated gross revenues in excess of $1,600,000. Within the last six months, Debtor's business has expanded to include the painting of aircraft.  Moreover, Debtor has operated profitably since the filing of its chapter 11 petition, and its monthly operating reports reflect post-petition operating income through January 2009 in an amount in excess of $80,000, after payment of statutory fees to the US Trustee.

Although it was operating profitably, Debtor filed for Chapter 11 relief because of a dispute with NYS Tax regarding unpaid sales tax.  Prior to filing, Debtor and NYS Tax tentatively agreed to an offer in compromise to settle the sales tax claim (the "Offer in Compromise").  However, this  Offer in Compromise was deemed withdrawn by NYS Tax upon its subsequent commencement of a sales tax audit of Debtor for the period from March 2004 through February 2007 (the "Audit").

The Audit has continued post-petition and remains pending. Debtor has

provided NYS Tax with more than 6,000 pages of documents in connection with the Audit.

On February 9, 2009, Debtor timely filed its proposed Plan and an accompanying disclosure statement (the "Disclosure Statement").   The Plan proposes to pay NYS Tax's secured and priority claims in full within five years after the effective date of the Plan (the "Effective Date"), with interest at 2.5 percent.

The Plan proposes to pay general unsecured creditors in full, without interest, within six years after the Effective Date.

Debtor proposes that the funding for the Plan come from three sources: (a) cash on hand as of the Effective Date; (b) cash generated by future operations; and (c) funds contributed by Cosmo or entities or persons related to Cosmo.

Debtor presently has on hand in excess of $30,000, which is available to fund payments required under the Plan.

Potential non-debtor sources funding for the Plan include: (a) a mortgage loan to be secured by the building housing Debtor's operations, which building is owned by a company controlled by Cosmo; (b) a mortgage loan to be secured by Cosmo's personal residence; and (c) a reverse mortgage loan to be secured by the residence of Cosmo's mother.

The Court requested the Projections largely due to the fact that the Disclosure Statement does not identify the amount of NYS Tax's claim to be paid under the Plan. NYS Tax has filed a claim against Debtor in the aggregate

amount of $1,256,373.33 (the "NYS Tax Claim").  Debtor has filed an objection to

the NYS Tax Claim (the "Claim Objection"), which remains pending.  In the

exercise of its business judgment, Debtor does not intend to pursue the Claim

Objection until the Audit is concluded.  Following the conclusion of the Audit,

Debtor intends to resubmit the Offer in Compromise and negotiate the allowed

amount of the NYS Tax Claim.

The Projections indicate that, even without obtaining funding from any

third party source, Debtor should be able to make the payments required under

the Plan if the NYS Tax Claim is reduced to a number comparable to the pre-

petition Offer in Compromise.  Debtor acknowledges that confirmation of the Plan

is dependent upon Debtor's ability to reduce the NYS Tax Claim to an amount

that is comparable to the Offer in Compromise.

Certainly, Debtor has complied with the timing mechanics and procedural

requirements created by the Bankruptcy Code and Rules.  Debtor timely filed its

Plan and Disclosure Statement within the 300-day period prescribed by Section

1121(e)(2) of the Bankruptcy Code. Debtor timely filed its Motion seeking an

extension of the time to confirm the Plan within the 45 day period set forth in

Section 1129(e) of the Bankruptcy Code.

Because of the pendency of the Audit and the resulting uncertainty

concerning the allowed amount of the NYS Tax Claim, Debtor is unable to

confirm the Plan within the 45 day period set forth in Section 1129(e) of the

Bankruptcy Code.

Debtor asserts that it has established that it can reduce the NYS Tax

Claim to an amount comparable to the Offer in Compromise.  However, this Court does not make that finding, as it does not have before it the record of the Audit, nor is this matter a hearing on the NYS Tax Claim.   Further, this Court need not make that finding, as this Court does not need to find that Debtor can confirm *the filed* Plan, only that it can confirm *a* Plan.  Although Debtor has filed a claim objection to the NYS Tax Claim, and/or could file for a determination of tax liability under Section 505, the Debtor has exercised its business judgment and determined to allow the Audit to continue and run its course. If the Audit results in a proposed liability higher than Debtor has proposed to pay, and/or results in an agreed treatment for the NYS Tax Claim that is different than the current Plan, Debtor can seek to amend its Plan.  If the Audit yields an unmanageable claim, Debtor can seek to dismiss or convert this case.

However, based upon the evidence presented, consisting of the Cosmo testimony, the Espey Affidavit, and the Projections, Debtor has demonstrated by a preponderance of the evidence that it is more likely than not the Court will confirm a plan of reorganization within a reasonable time.

## ORDER

Based upon the foregoing findings of fact and conclusions of law, the

Court hereby Orders that the time for Debtor to confirm a plan of reorganization

is extended to December 31, 2009, without prejudice to seeking further

extensions of such time upon proper motion requesting such relief.

Dated: Central Islip, New York
        March 25, 2009

                                    */s/ Alan S. Trust*
                                    Hon. Alan S. Trust
                                    United States Bankruptcy Judge