Larry I. Glick, P.C.
Larry I. Glick, Esq. (LG-8665)
c/o Shutts & Bowen LLP
1500 Miami Center
201 S. Biscayne Blvd.
Miami, FL 33131
(305) 379-9180

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

                                    CHAPTER 11 CASE
                                    NO. 08-71853 (AST)

AMAP SALES & COLLISION, INC.,
d/b/a AMAP COLLISION,

                Debtor.
-------------------------------------------------------------x

**SECOND MOTION BY DEBTOR TO EXTEND TIME TO CONFIRM PLAN OF REORGANIZATION PURSUANT TO SECTIONS 1129(e) AND 1121(e)(3) OF THE BANKRUPTCY CODE**

TO:    THE HONORABLE ALAN S. TRUST, BANKRUPTCY JUDGE

        AMAP Sales & Collision, Inc. (the "Debtor"), by its attorney, Larry I. Glick, P.C., respectfully requests that the Court extend its time to obtain confirmation of its plan of reorganization (the "Motion"), and represents and states as follows:

**BACKGROUND AND APPLICABLE LAW**

        1.    On April 15, 2008 (the "Filing Date"), the Debtor, as a "small business debtor" within the meaning of section 101(51D) of the Bankruptcy Code (the "Code"), filed with this Court a voluntary petition under chapter 11 of the Bankruptcy Code. As a small business debtor, the Debtor is subject to the provisions of the Code that are applicable in a "small business case." See section 101(51C) of the Code.

2. The Debtor has continued in the possession of its assets and the operation of its business as a debtor-in-possession. No Creditors' Committee has been appointed in the case.

3. Section 1121(e)(2) of the Code requires that the Debtor file its "plan and a disclosure statement (if any) … not later than 300 days after the date of the filing of the order for relief." On February 9, 2009, the last day of the 300 day period, the Debtor filed its proposed plan of reorganization (Doc. 38) (the "Plan"), and an accompanying disclosure statement (Doc. 39) (the "Disclosure Statement").

4. Under section 1129(e) of the Code, the Plan must be confirmed within 45 days after it is filed "unless the time for confirmation is extended in accordance with section 1121(e)(3)." Section 1121(e)(3) provides that the 45 day period may be extended only if –

> (A) the debtor, after providing notice to parties in interest (including the United States trustee), demonstrates by a preponderance of the evidence that it is more likely than not that the court will confirm a plan within a reasonable time;
> (B) a new deadline is imposed at the time the extension is granted; and
> (C) the order extending time is signed before the existing deadline has expired.

Unless extended, the 45 day period to obtain confirmation of the Plan would have expired on March 26, 2009.

5. By Motion dated February 20, 2009, the Debtor requested that the Court extend its time to obtain confirmation of the Plan to December 31, 2009 (the "Initial Motion"). The relief requested in the Initial Motion was necessary because confirmation of the Plan is dependent upon the Debtor compromising a

more than $1 million claim (the "Claim") filed against it by the New York State Department of Taxation and Finance ("NYS Tax"). However, due to an audit being conducted by NYS Tax, the Debtor had been unable to engage NYS Tax in discussions regarding the Plan.

6. The Initial Motion was granted by Order of the Court entered on March 25, 2009 (Doc. 48) (the "Extension Order"), which extended the Debtor's time to confirm a plan of reorganization to December 31, 2009, "without prejudice to [the Debtor] seeking further extensions of such time upon proper motion requesting such relief." By this Motion, and for the reasons set forth below, the Debtor respectfully requests that the Court enter an Order further extending the Debtor's time to confirm the Plan (as it may be amended) to June 30, 2010, and that such Order be signed on or before December 31, 2009.

## GROUNDS FOR RELIEF

7. As this Court knows, the Debtor had been waiting for the conclusion of NYS Tax's sales tax audit before attempting to proceed with confirmation of the Plan, or an alternative plan. Unfortunately, the audit process has taken longer than the Debtor expected. To the best of the Debtor's knowledge, the audit remains in process.

8. In an effort to advance this chapter 11 case to a conclusion, the Debtor submitted a written settlement proposal to NYS Tax in August 2009 that would resolve the Claim prior to the conclusion of the audit (the "Proposed Settlement"). The Debtor is advised by the NYS Attorney General's Office that NYS Tax is considering the Proposed Settlement and that a material

development in regard to the Proposed Settlement is expected prior to the end of 2009.  However, the Debtor has received no indication of the nature of the "development" or an assurance that it will occur prior to year end.

9. The Debtor submits that the evidence it presented to the Court in connection with the Initial Motion remains applicable and justifies granting a further extension of the Debtor's time under sections 1121(e).  That evidence related to the Debtor's: (a) ability to negotiate a pre-petition settlement with NYS Tax; (b) profitable post-petition operations; (c) timely payment of post-petition tax liabilities to NYS Tax; (d) payment of monthly "adequate protection" to NYS Tax in conjunction with its ongoing use of cash collateral and (e) projections of post-confirmation operations.[1]  Moreover, since the entry of the Extension Order, the Debtor submitted the Proposed Settlement to NYS Tax as part of its continued efforts to move this case forward as quickly as possible, notwithstanding the audit.

10. The Debtor does not expect that any creditor (including NYS Tax) will object to the relief requested in this Motion.  Based on all of the foregoing, the Debtor requests an extension to June 30, 2010 of its time to confirm the Plan.[2]

**NOTICE**

11. In compliance with section 1121(e)(3) of the Code, the Debtor is

---

[1] In connection with the Initial Motion, the Debtor filed projections of its post-confirmation operations.  The Debtor intends to submit updated projections prior to the hearing on this Motion.

[2] The Debtor hopes to confirm a plan, or dismiss this case, well before June 30, 2010 but, at the same time, reserves the right to seek a further extension of its time.

providing (a) a copy of this Motion, together with the Notice of Hearing thereon (the "Notice"), to the United States Trustee, NYS Tax and all parties that have filed an appearance in the case and (b) a copy of the Notice only to all creditors. The Notice recites that a copy of the Motion may be obtained by contacting the undersigned counsel in writing.

WHEREFORE, the Debtor respectfully requests that the Court (a) enter an order extending the Debtor's time to confirm the Plan (as same may be amended) to June 30, 2010 (the "Order"), (b) sign the Order on or prior to December 31, 2009, and (c) grant such other and further relief as may be necessary or appropriate.

Dated: Miami, Florida
       November 30, 2009

LARRY I. GLICK, P.C

By: s/Larry I. Glick
    Larry I. Glick (LG-8665)
c/o Shutts & Bowen LLP
1500 Miami Center
201 S. Biscayne Blvd.
Miami, FL 33131
(305) 379-9180